UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

BRIAN JEFFREY HALL JR., Plaintiff,

v.

HALSTED FINANCIAL SERVICES / FORTIVA, Defendants.

Case No. 6:25-cv-00068-NKM

## SECOND AMENDED COMPLAINT

Plaintiff, Brian Jeffrey Hall Jr., brings this Second Amended Complaint against Defendants Halsted Financial Services and Fortiva for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq., and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq.

### I. FACTUAL BACKGROUND

On August 1, 2025, Plaintiff submitted a written validation request to Halsted Financial Services regarding the Fortiva Account #1539. The dispute was simultaneously filed through the CFPB complaint portal, and Halsted responded on August 5, 2025. Despite this, inaccurate reporting continued on Plaintiff's Experian credit file, showing the account as charged-off and past due.

On September 8, 2025, a Halsted representative confirmed by phone that Plaintiff was listed as 'deceased' in its internal system. This false designation caused further damage to Plaintiff's credit and reputation. Halsted also denied being a 'data furnisher,' despite handling and responding to the disputed Fortiva account.

Plaintiff filed a separate CFPB complaint against Fortiva/The Bank of Missouri on August 7, 2025, regarding the same inaccurate reporting. Fortiva continued to report the account after notice of dispute, in violation of 15 U.S.C. §1681s-2(b).

As a result of Defendants' conduct, Plaintiff suffered anxiety, emotional distress, and reputational harm. Plaintiff was treated at Gretna Medical Center for anxiety and tachycardia resulting from this prolonged dispute.

## II. CLAIMS FOR RELIEF

Count I – FCRA §1681s-2(b): Failure to Conduct Reasonable Investigation and Correct Information

Defendants failed to reasonably investigate and correct or delete inaccurate and misleading information, including falsely reporting Plaintiff as 'deceased' and continuing to update a charged-off account as past due.

Count II – FCRA §1681n: Willful Noncompliance

Defendants' conduct was willful, entitling Plaintiff to statutory and punitive damages.

Count III – FCRA §1681o: Negligent Noncompliance

Alternatively, Defendants acted negligently, entitling Plaintiff to actual damages.

Count IV – FDCPA §1692g(b) and §1692e: Failure to Validate and False or Misleading Representation

Halsted failed to properly validate the alleged Fortiva debt after written request and continued to reference or collect on the account. Halsted's act of labeling Plaintiff as 'deceased' constitutes a false, deceptive, and misleading representation in violation of §1692e(2)(A) and §1692e(10).

## III. DAMAGES

As a direct and proximate result of Defendants' willful violations of the FCRA and FDCPA, Plaintiff suffered severe emotional distress, anxiety, and physical symptoms including tachycardia requiring emergency medical evaluation.

Plaintiff was treated at Gretna Medical Center on June 14, 2025, where he was diagnosed with Anxiety Reaction and Tachycardia, consistent with stress-related reactions caused by Defendants' false and misleading credit reporting and wrongful marking of Plaintiff as 'deceased.'

(See Gretna Medical Center Emergency Department Discharge Record, Case No. 6:25-cv-00068-NKM, Document 9-1, pages 3–6, filed October 6, 2025.)

Accordingly, Plaintiff respectfully seeks the following relief:
- $7,500 in statutory damages under 15 U.S.C. §§1681n and 1692k;
- $10,000 in actual damages for emotional distress, anxiety, and reputational harm;
- $100,000 in punitive damages for Defendants' willful and reckless disregard of federal law and Plaintiff's rights; and
- Costs, post-judgment interest, and any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Brian Jeffrey Hall Jr.

65 Witt Rd

Evington, VA 24550

(434) 439-8311

Brianjhalljr@gmail.com