IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

LYNCHBURG DIVISION

Brian Jeffrey Hall Jr., Plaintiff,

v.

Halsted Financial Services, LLC / Fortiva, Defendant.

SUPPLEMENTAL FILING OF ADDITIONAL AUTHORITY

IN SUPPORT OF DEFAULT JUDGMENT

Plaintiff Brian Jeffrey Hall Jr. submits this Supplemental Authority to provide the Court with additional controlling and persuasive authority supporting denial of Defendant's untimely Rule 55(c) Motion and immediate entry of Default Judgment.

1. Defendant was served September 12, 2025.

2. Defendant's Answer deadline was October 3, 2025.

3. Defendant filed nothing for 74 days.

4. Clerk's Entry of Default entered November 24, 2025.

5. Defendant filed a Rule 55(c) motion only AFTER default was entered.

Authority:

- United States v. Moradi, 673 F.2d 725 (4th Cir. 1982)

- Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413 (4th Cir. 2010)

- Park Corp. v. Lexington Ins. Co., 812 F.2d 894 (4th Cir. 1987)

These cases establish:

1. A party who simply ignores a federal complaint for months shows "reckless disregard" and NOT excusable neglect.

2. A Rule 55(c) motion filed ONLY after default is entered is presumptively weak and requires extraordinary justification.

3. Neglect caused by internal error, misrouting, misunderstanding, or staffing issues is NOT excusable neglect.

4. Prejudice exists where Plaintiff expended substantial effort preparing multiple filings because Defendant ignored the case.

5. Timeliness is a threshold requirement — Defendant missed the jurisdictional answer deadline by **over two months**.

Here:

- Defendant admits no meritorious defense.

- Defendant admits no mistake by Plaintiff.

- Defendant's delay is extreme, voluntary, and unexplained.

- Defendant seeks to reopen the case only AFTER realizing a default judgment is imminent.

- This conduct is the exact pattern courts reject.

Therefore, Plaintiff respectfully requests:

1. Denial of Defendant's Motion to Set Aside Default.

2. Immediate granting of Plaintiff's Motion for Default Judgment (Dkt. 9).

3. Entry of final judgment on all claims.

Respectfully submitted,

Brian Jeffrey Hall Jr.

65 Witt Road

Evington, VA 24550

Brianjhalljr@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 24 day of November 2025, I filed the foregoing document titled:

"Plaintiff's Supplemental Authority in Support of Default Judgment,

Notice of Continued Default, and Opposition to Defendant's Untimely Rule 55(c) Motion"

with the Clerk of the United States District Court for the Western District of Virginia, Lynchburg Division.

I further certify that a separate copy of this filing will be served by email upon Defendant's counsel:

Andrew Biondi, Esq.

SANDS ANDERSON PC

919 E. Main Street, Suite 2300

Richmond, VA 23219

Email: abiondi@sandsanderson.com

Counsel for Defendant Halsted Financial Services, LLC

Respectfully submitted,

/s/ Brian Jeffrey Hall Jr.

Brian Jeffrey Hall Jr.

65 Witt Road

Evington, VA 24550

Email: Brianjhalljr@gmail.com

Plaintiff, Pro Se