CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

11/26/2025
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| BRIAN JEFFREY HALL, JR., <br><br> *Plaintiff,* <br> v. <br><br> HALSTED FINANCIAL SERVICES/FORTIVA, <br><br> *Defendants.* | CASE NO. 6:25-CV-68 <br><br> MEMORANDUM OPINION & ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Halsted's Motion to Set Aside Default. Dkt. 35. Plaintiff Hall initially filed a motion for default judgment on October 6, 2025. Dkt. 8. He further motioned for clerk's entry of default on November 24, 2025 which was entered the same day. Dkts. 31, 32. Defendant Halsted Financial Services ("Halsted") now moves to set aside this entry of default and asks the Court to consider the motion to dismiss as timely briefed. Dkt. 35. Due to the following reasons, the Court **GRANTS** Halsted's motion, **VACATES** the Clerk's entry of default, and **DENIES** Hall's motion for default judgment. Dkts. 8, 32, 35.

## BACKGROUND

Hall brought this case against Halsted alleging violations of the Fair Credit Reporting Act and Fair Debt Collection Practices Act on September 5, 2025. Dkt. 1. Ten days later, the U.S. Marshal Service served Halsted with the complaint, setting a deadline of October 3, 2025, for Halstead's responsive pleading. Dkt. 8. Halsted failed to answer by the deadline, causing Hall to file a motion for default judgment. Dkt. 9.

While the motion for default judgment was pending, Hall moved to amend his complaint, which the Court granted; the Court dismissed Hall's amended complaint for failure to state a claim; and the Court dismissed Hall's motion for default judgment as moot. Dkts. 5, 11, 12. Hall moved to amend his complaint a second time, which the Court granted on October 15. Dkts. 13, 15. Because the Court reinstated the complaint, it also reopened Hall's motion for default judgment. Dkt. 15. Halsted responded November 19 with a motion to dismiss the second amended complaint for failure to state a claim. Dkt. 18.

After Halsted's motion, Hall moved for a Clerk's entry of default on November 24, which was entered that same day. Dkts. 31, 32. Halsted now moves to vacate the Clerk's entry of default as "any late filing was due to inadvertence and mistake on the part of Halsted's counsel" and "[t]he Federal Rules and case law strongly discourage default." Dkt. 35 ¶¶ 8-9.

## APPLICABLE LAW

A defendant must answer or otherwise respond to a complaint within 21 days of service of the complaint and summons. Fed. R. Civ. P. 12(a)(1)(A)(i). But when a party has failed to timely file a response, "and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Rule 55(c) provides, in relevant part, that "[t]he court may set aside an entry of default for good cause." When evaluating motions to vacate an entry of default, a district court should consider "[1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic."[1] *Mavila v. Absolute Collection Serv., Inc.*, 539 F. App'x 202, 206 (4th Cir. 2013)

---

[1] In his "full-length maximum-pressure opposition," Hall argues the standard the Court should apply two different standards: (i) "good cause" which requires "diligence, prompt action, and a valid justification for delay,"

(unpublished). The Fourth Circuit has long held that "Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Colleton Prep. Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 421 (4th Cir. 2010) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130.

## ARGUMENT

The Court now applies the Fourth Circuit's test in evaluating Halsted's motion to vacate the clerk's entry of default.

First, the Court considers whether Halsted has a "meritorious defense." *Mavila*, 539 F. App'x at 206. A "meritorious defense" requires Halsted to "proffer . . . evidence which would permit a finding for the defaulting party." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1998). Here, Halsted has filed a motion to dismiss for failure to state a claim, arguing Hall "failed to allege a dispute through a credit reporting agency" and "fail[ed] to allege that he disputed alleged debt within the thirty-day statutory period" required by law. Dkt. 18; Dkt. 19 at 3,4. As these arguments could very well "permit a finding" for Halsted, the Court finds that Halsted has established a meritorious defense. *Augusta Fiberglass*, 843 F.2d at 812.

Second, the Court considers whether Halsted acted with "reasonable promptness." *Mavila*, 539 F. App'x at 206. When evaluating reasonableness, courts must consider the "facts and circumstances of each occasion." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (explaining the standard in the context of a Rule 60(b) motion). Here, Halsted contended with

---

and (ii) "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B). Dkt. 36 at 2. Even construing his filing broadly, Hall fails to acknowledge the gloss added to these rules by Fourth Circuit caselaw, and thus states the incorrect standard. *Id.*

two different operative pleadings, the Court's dismissal and reopening of the default judgment motion, and voluminous filings from Hall. Dkts. 1, 5, 11, 12, 13, 15. Once the operative pleading became clear, Halsted responded with a motion to dismiss in a little over a month and has been timely litigating the case ever since. Dkts. 18, 35. Therefore, the Court concludes Halsted has acted with reasonable promptness, especially when facing a nebulous docket and multiple operative pleadings.

Third, the Court considers Halsted's "personal responsibility" in failing to respond. *Mavila*, 539 F. App'x at 206. When evaluating this factor, the Court considers "whether the default was primarily traceable to the defendant's actions or oversight by their counsel." *Goldbelt Wolf, LLC v. Operational Wear Armor, LLC*, No. 1:15-cv-1268, 2016 WL 726532, at *6 (W.D. Va. Feb. 22, 2016). "Justice . . . demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which causes a final, involuntary termination of proceedings. *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982). Here, "Halsted's national counsel . . . was in Hawaii for a week-long federal trial" when they received service of the complaint, and "the new case was not properly opened in MGL's case management software." Dkt. 35 ¶ 6. This error is exclusively traceable to Halsted's counsel; and as such, the Court concludes no "personal responsibility" for this error. *Mavila*, 539 F. App'x at 206.

Fourth, the Court considers any possible prejudice to Hall. *Mavila*, 539 F. App'x at 206. Prejudice occurs when "the delay affected the ability of the non-defaulting party to present their evidence, proceed with trial, or complete discovery." *Goldbelt Wolf, LLC*, 2016 WL 726532, at *6. In his request for Clerk's entry of default and his "full-length maximum-pressure opposition to [Halsted's] motion to set aside default," Hall fails to identify any "disadvantage" he faces "beyond that suffered by any party which loses a quick victory," he simply states that the "delay

4

. . . has prejudiced" him because "discovery has been stalled" and "Experian subpoenas [have been] delayed." Dkts, 31; 36; *Augusta Fiberglass*, 843 F.2d at 812. These conclusory statements, without further evidence, are not sufficient to establish prejudice as they simply state Hall "loses a quick victory." *Augusta Fiberglass*, 843 F.2d at 812. As such, the Court does not find Hall has been prejudiced by Halsted's delay in response.

Fifth, the Court considers Halsted's history of dilatory actions in this case. *Mavila*, 539 F. App'x at 206. Both Hall's motion for default judgment and his motion for Clerk's entry of default are completely silent regarding other actions Halsted has taken to delay legal proceedings. Hall's "full-length maximum-pressure opposition" merely alleges "Halsted ignored Plaintiff's notices, CFPB communications, and verification requests." Dkt. 36 at 2. However, the record indicates Halsted has been timely litigating since even before the Clerk's entry of default. As such, even construing Hall's filing liberally, no history of dilatory actions exists.

Sixth, the Court considers the availability of less-drastic sanctions. *Mavila*, 539 F. App'x at 206. Less drastic sanctions certainly exist—in vacating the Clerk's entry of default, the Court may "impose other sanctions against the offending attorney, such as awarding the non-movant's costs and attorney's fees." *Augusta Fiberglass*, 843 F.2d at 811 (so holding with respect to vacating default judgment); *see also Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) (unpublished). Since these remedies remain available to the Court, less drastic sanctions exist.

## Conclusion

The Courts find that all factors of the Fourth Circuit's test cut in favor of vacating the Clerk's entry of default. Because of the reasons enumerated above, Halsted's Motion to Set Aside Default is **GRANTED**. Dkt. 35. As such, Hall's motion for default judgment is **DENIED**

5

and the Clerk's entry of default is **VACATED.** Dkts. 9, 32. Halsted's motion to dismiss is considered timely and is ripe for review. Dkt. 18.

It is **SO ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and Order to all counsel of record.

Entered this the 26th day of November, 2025.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE