CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/8/2025
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

BRIAN JEFFREY HALL JR.,

*Plaintiff,*

v.

HALSTED FINANCIAL SERVICES, LLC,[1]

*Defendant.*

CASE NO. 6:25-CV-00068

**MEMORANDUM OPINION**

JUDGE NORMAN K. MOON

Defendant Halsted Financial Services ("Halsted") moves to dismiss Plaintiff Hall's second amended complaint for failure to state a claim. Dkt. 18.[2] Because Hall's second amended complaint fails to allege sufficient facts to establish violations of 15 U.S.C. 1681s-2(b); 1681n; 1681o; 1692g(b); and 1692e, the Court will grant Halsted's motion to dismiss with prejudice, will dismiss all pending motions as moot,[3] and will order the Clerk to close the case in an accompanying order.[4]

---

[1] The Court's records will reflect the correct spelling of Halsted Financial Service as it was inconsistently spelled throughout the pleadings. Dkt. 19 at 1 n.1.

[2] Halsted also moves to dismiss Hall's voluminous remaining filings, namely, Plaintiff's Supplemental Authority regarding CFPB Interpretive Rule (October 28, 2024) in Support of Default Judgment and in Opposition to Defendant's Rule 55(c) Motion (Doc. 39); Plaintiff's Opposition to Motion To Dismiss For Failure To State A Claim as to the Second Amended Complaint (Doc. 40); Memorandum of Law in Support regarding Plaintiff's Opposition (Doc. 41); Motion to Reissue Service, Notice of Returned Mail, and Supplemental Summary Statement (Doc. 42); Plaintiff's Supplemental Rebuttal Summary to Motion to Dismiss For Failure To State A Claim as to the Second Amended Complaint (Doc. 43); New Updated Evidence Notice (Doc. 44); and Plaintiff's Supplemental Rebuttal to Motion to Dismiss For Failure To State A Claim as to the Second Amended Complaint (Doc. 45).

[3] This includes Dkts. 6, 7, 23 and 42.

[4] Plaintiff Hall argues the motion to dismiss is not ripe for decision as his "notice of filing . . . clarification regarding Rule 26(f); Rule 26(f) report; initial disclosures . . .and certificate of service" "directly address factual issues relevant to the claims at issue and the pending motion." Dkt. 51 at 4. Hall's claims are ripe as he alleges that he has already suffered injury. *Doe v. Va. Dept' of State Police*, 713 F.3d 745, 758 (4th Cir. 2013). Likewise, motions are ripe for adjudication once both parties respond.

## STANDARD OF REVIEW

To survive a motion to dismiss under 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When deciding a motion to dismiss, a court must accept the factual allegations as true and must draw all reasonable inferences in the plaintiff's favor. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). However, a court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (quotation marks omitted).

Although a complaint "does not need detailed factual allegations" to survive a 12(b)(6) motion, a plaintiff must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Rule 12(b)(6) does not require "heightened fact pleading;" however, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (providing that "only a complaint that states a plausible claim for relief survives a motion to dismiss").

Courts must construe the filings of pro se plaintiffs liberally, and pro se complaints "however inartfully pleaded, must be held to less stringent standards" than those prepared by counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).[5] Likewise, when ruling on a motion to dismiss, a court may consider documents incorporated by reference into the complaint, as well as those attached to the motion, provided they are integral to the complaint and authentic. *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (internal quotation marks and citation omitted).

---

[5] Because of this duty, the Court will consider all eight of Hall's responses to Halsted's motion to dismiss despite the Local Rules' requirement that plaintiffs only receive one response. Local Rule 11(c); Dkts. 22, 40, 41, 43, 44, 45, 49, 51. Hall is directed to review the Local Rules and comply with their requirements in his remaining pending cases before the Court and to avoid filing baseless motions.

## BACKGROUND

The facts alleged in Hall's second amended complaint are accepted as true for the purposes of a motion to dismiss. Dkt. 13; *see King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). Likewise, the Court incorporates by reference Hall's attachments to his complaint, amended complaint, and second amended complaint as they are "integral" and no disputes exist as to their authenticity. *Oberg*, 745 F.3d at 136.

Hall alleges Halsted Financial Services, a "debt collection company," "is reporting a charged-off/collection account (Fortiva Account) on [his] Experian credit report" and that this account is "inaccurate, unverifiable, and incomplete." Dkt. 1 ¶¶ 1-2; Dkt. 5-1 ¶ 4.[6] Hall alleges on August 1, 2025, he "submitted a written validation request to Halsted Financial Services regarding the Fortiva Account #1539" and "simultaneously filed" a complaint "through the CFB complaint portal." Dkt. 13 at 1. Hall likewise allegedly "made prior disputes directly and through Experian" regarding this debt. Dkt. 1-1 at 1; Dkt. 43 at 2; Dkt. 44 at 1; Dkt. 45 at 3-4.

Hall further alleges that he "filed a separate CFPB complaint against Fortiva/The Bank of Missouri on August 7, 2025 . . . regarding the same inaccurate reporting." Dkt. 13 at 1; Dkt. 1-1 at 1. He alleges that after filing these disputes, "inaccurate reporting continued on [his] Experian credit file, showing the account as charged-off and past due." Dkt. 13 at 1.[7] Hall filed his complaint stemming from these alleged violations. Dkt. 1.

According to the CFPB documentation attached to Hall's complaint, Halsted responded to the August 7 dispute on August 14, 2025. Dkt. 1-1 at 2-3. Halsted "notified [its] client of

---

[6] He does not allege when he discovered this debt, whether Halsted sent him a notice letter regarding the debt, or the amount owed.

[7] Hall includes a letter from The Bank of Missouri as an exhibit to his amended complaint, stating that they were "unable to locate an account with the information provided." Dkt. 5-1 at 5. As the Bank of Missouri is not a Defendant in this case, the Court need not consider this exhibit.

[Hall's] complaint," "placed an immediate cease on any attempts to communicate with" him, and "closed" Hall's "account . . . in [its] office." *Id.* Halsted also responded that it is "not a data furnisher to any Credit Reporting Agency (CRA) and as such" has "not furnished information relating to this matter to any CRA." *Id.*

A little over a month after his initial filing, Hall called Halsted and was "informed by a representative that their internal system listed Plaintiff as 'deceased.'" Dkt. 5-1 ¶ 7. He alleges this "false designation caused further damages to [his] credit" and caused "anxiety, emotional distress, and reputational harm" leading him to be "treated at Gretna Medical Center for anxiety and tachycardia." Dkt. 13 at 1. Hall moved to amend his complaint to incorporate this information, which the Court granted. Dkts. 5, 6.

The Court previously dismissed Hall's amended complaint without prejudice for failure to state a claim. Dkt. 12. Hall responded to the dismissal by filing a motion to amend his complaint a second time. Dkt. 13. Because Hall is proceeding pro se, the Court granted the motion to amend and reopened his case. Dkt. 15. [8] Halsted filed a motion to dismiss for failure to state a claim, which the Court now considers. Dkt. 18.

## ARGUMENT

### A. Hall Fails to Allege Facts Sufficient to Establish a Fair Credit Reporting Act (FRCA) Violation[9]

---

[8]  Hall argues the reopening of his case demonstrates the Court "has already determined: 1) Plaintiff corrected all deficiencies; 2) The Amended Complaint is legally sufficient; ad 3) The case warrants adjudication under Rule 12(b)(6)." Dkt. 40 at 2; Dkt. 41 at 1. Not so. The Court's oral order explicitly stated: "[t]he Court GRANTS the motion to amend and will consider Plaintiff Hall's complaint on the merits." Dkt. 15. This statement does not indicate in any way that Hall corrected deficiencies or that the complaint is legally sufficient. The Court will thus not further analyze this argument.

[9]  Both Hall's first and second "supplemental rebuttal summary" state he is suing under 1681i. Dkt. 43 at 4; Dkt. 45 at 7. As this cause of action appears nowhere in his complaint, amended complaint, or second amended complaint, the Court will not analyze this cause of action as Hall would need to seek leave to amend his complaint in order to raise it.

Hall first alleges Halsted "failed to reasonably investigate and correct or delete inaccurate and misleading information" including "falsely reporting [him] as 'deceased' and continuing to update a charged-off account as past due" in violation of 15 U.S.C. § 1681s-2(b). Dkt. 13 at 2. He alleges these violations were either "willful" or "negligent." 15 U.S.C. § 1681n; 1681o. Under the FCRA, credit furnishers with "notice . . . of a dispute" must "conduct an investigation with respect to the disputed information "and "report the results of the investigation to the consumer reporting agency." 15 U.S.C. § 1681s-2(b).

To allege a §1681s-2 violation, a plaintiff must state sufficient facts to establish: "(1) the plaintiff submitted a dispute over the accuracy of information on a credit report to a [consumer reporting agency]; (2) the [agency] notified the furnisher of that dispute; [and] (3) the furnisher failed to conduct a reasonable investigation to determine whether the disputed information can be verified." *See Roberts v. Carter-Young*, 131 F.4th 241, 249 (4th Cir. 2025); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 430 (4th Cir 2004).

When disputing the debt at issue in his second amended complaint, Hall "made prior disputes directly and through Experian," a consumer reporting agency under the FRCA—alleging sufficient facts to establish element one under the framework. However, Hall does not allege that Experian made any contact with Halsted; in fact, he alleges that he independently informed Halsted "through written validation request" and "through the CFB complaint portal." Dkt. 13 at 1. This allegation is insufficient to establish the second element of 15 U.S.C. § 1681s-2(b) because Experian did not notify Halsted.[10] Further, while Hall alleges Halsted "failed to reasonably investigate" the dispute, this statement is conclusory and is not supported with

---

[10] Hall's oppositions spend significant time arguing that Halsted had notice of the debt, thus establishing a 1681s-2 claim. Dkt. 41 at 2. This argument misunderstands the statute, which requires evidence that a credit reporting agency notified Halsted of the dispute. The CFPB and Hall do not qualify as credit reporting agencies under the statute.

5

additional factual allegations in the second amended complaint. Dkt. 13 at 2; Dkt. 40 at 3. It is therefore insufficient to establish the third element of 15 U.S.C. § 1681s-2(b). As Hall has not alleged sufficient facts to establish elements two and three of the framework, he has failed to state a claim under the FRCA.[11],[12]

### B. Hall Fails to Allege Facts Sufficient to Establish Fair Debt Collection Practices Act (FDCPA) Violations

1. *Hall Fails to Allege He Disputed His Debt within a 30-Day Period, Causing His 1692g Claim to Fail*

Hall next asserts Halsted "failed to properly validate the Fortiva debt after written request and continued to reference or collect" on the account in violation of FDCPA § 1692g(b). Dkt. 13 at 2. Under this statute, once a consumer disputes a debt "within the thirty-day period," a debt collector must "cease collection of the debt . . . until [they] obtain[] verification" of the debt. 15 U.S.C. § 1692g(b).[13] Unless a consumer "disputes the validity of the debt" "within thirty days after receipt of the notice," "the debt will be assumed to be valid." 15 U.S.C. § 1692g(a)(3). Likewise, until a debt collector receives notice that a debt is disputed, "collection activities and communications . . . may continue." 15 U.S.C. § 1692g(b).

Courts treat the thirty-day statutory requirement as a bright line; if a plaintiff fails to allege facts demonstrating they disputed the debt within the required period, a debt collector has no duty to verify the debt under § 1692g(b). *See e.g.*, *Senftle v. Landau*, 390 F. Supp. 2d 463, 475

---

[11] Although Halsted, in its response to the CFPB complaint, raises the argument that it is not a credit furnisher under the FCRA, the Court need not further address that argument as Hall fails to allege facts sufficient to establish the elements of his claim. Dkt. 1-1 at 2-3; Dkt 43 at 2-3; Dkt. 45 at 4-5.

[12] Because Hall has not pled sufficient facts to establish a 1681s-2 violation, the Court cannot impose liability for damages under 1681n or 1681o despite Hall pleading these statutory provisions as separate causes of action. Dkt. 13 at 2.

[13] Although Hall insists, in his myriad of responses to Halsted's motion to dismiss, that he "is not suing under 1692g," his second amended complaint identifies this statute as a cause of action; the Court will analyze it accordingly. Dkt. 45 at 7. The 30-day time limit from 1692g(a) likewise explicitly applies to 1692g(b) and governs Hall's claim despite his arguments to the contrary. Dkt. 45 at 7.

(D. Md. 2005) ("Because Senftle waived his right to dispute his debt within the 30–day period provided by § 1692g(a), Defendants had no duty under § 1692g(b) to verify Senftle's debt."); *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 784 (E.D. Va. 1984) ("Plaintiffs have not alleged that they disputed the debt within the 30–day period described in 15 U.S.C. § 1692g(a)(3), which would have created affirmative obligations for the FDCPA Defendants under 15 U.S.C. § 1692g(b). Accordingly, Plaintiffs do not state a claim under section 1692(g)(b)."). Without affirmative obligations, a plaintiff cannot allege that further attempts to reference or collect on a debt violate the Fair Debt Collection Practices Act ("FDCPA").

Here, Hall fails to allege when he first received notice of the disputed debt; instead, he merely alleges that he "submitted a written validation request" on August 1, 2025. Dkt. 13 at 1. Because he fails to allege the date he received notice of the debt, the Court cannot conclude that he disputed within the required thirty-days required by the statute. Thus, Halsted's "collections activities" were permitted "to continue." 15 U.S.C. § 1692g(b). And, according to Hall's allegations, once Halsted received his dispute, it "placed an immediate cease on any attempts to communication with" Hall and "returned [the debt] to [the] client for further handling." Dkt. 1-1 at 3. As such, Hall fails to allege facts sufficient to state a claim under § 1692g(b).

2. *Hall Fails to Allege an Actionable Misrepresentation, Causing His 1692e Claim to Fail*[14]

Hall further argues that "Halsted's act of labeling Plaintiff as 'deceased' constitutes a false, deceptive, and misleading representation" in violation of 15 U.S.C. § 1692e. This statute states "a debt collector may not use any false, deceptive, or misleading representation . . . in

---

[14] Both Hall's first and second "supplemental rebuttal summary" state he is suing under 1692f. Dkt. 43 at 4; Dkt. 45 at 7. As this cause of action appears nowhere in his complaint, amended complaint, or second amended complaint, the Court will not analyze this cause of action as Hall would need to seek leave to amend his complaint in order to raise it.

connection with the collection of any debt" and establishes that both "false representation of the character, amount, or legal status of any debt" and the "use of any false representation or deceptive means to collect any debt or obtain information concerning a customer" are "violation[s]" of the FDCPA. 15 U.S.C. § 1692e(2)(A) & (10). Violations of 1692e occur when the "least sophisticated consumer" could be misled by a debt collector making a "false, deceptive, or misleading representation" regarding a debt. *See United States v. Nat'l Fin. Servs., Inc.*, 98 F. 3d 131, 135-36 (4th Cir. 1996); *In re Dubois*, 834 F.3d 522, 530 (4th Cir. 2016). This "heightened standard of care" seeks to protect "naïve consumer[s]" but does not give credit to "bizarre or idiosyncratic interpretations" of a debt collector's statements. *See Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015) (citing *Nat'l Fin. Servs., Inc.*, 98 F.3d at 136).[15]

Hall argues that Halsted "informed [him] that their internal system listed [him] as 'deceased,'" and that this "false designation" violated § 1692e. Dkt. 13 at 1. This argument fails for two reasons. First, Hall initiated the call where Halsted informed him "he was listed as 'deceased' in its internal system;" he alleges no facts that, during this call, Halsted attempted to "collect any debt or obtain information" about him. Dkt. 5-1 at 7; 15 U.S.C. § 1692e(10). Second, Hall alleges the "false representation" or "deceptive means" Halsted used was telling him he was, in fact, dead. Dkt. 13 at 1. As courts understand even the "least sophisticated consumer" to have a "quotient of reasonableness" and a "basic level of understanding," the Court finds Hall could not reasonably have been misled by this assertion. *Elyazidi*, 780 F.3d at 234. Hall does not allege any additional "false, deceptive, or misleading representation[s]" in

---

[15]     Hall argues *Younger v. Experian*, 2023 WL 3260198 (E.D. Pa. May 4, 2023) stands for the assertion that "falsely labeling a living consumer as deceased states a valid, plausible FCRA claim." Dkt. 40 at 3. The Court has been unable to locate this case on research databases and thus assumes it does not exist. As such, Hall's argument that this misrepresentation is sufficient to establish as 1692e violation is unsupported by caselaw.

8

Halsted's communications with him. 15 U.S.C. § 1692e. Therefore, he has failed to allege sufficient facts to state a § 1692e claim.

## CONCLUSION

For the above-stated reasons, the Court will grant Halsted's motion to dismiss with prejudice and will dismiss all remaining motions as moot in an accompanying order. Although the Court has an obligation to construe Hall's filings liberally due to his status as a pro se plaintiff, this obligation is not without limit. The Court puts Plaintiff Hall on notice of his obligation to familiarize himself with and comply with the Federal Rules of Civil Procedure and the Court's Local Rules when submitting filings. The Court further strongly warns Hall that both the filing of baseless motions and the inclusion of, or reliance upon, cases that do not exist are sanctionable offenses under Federal Rule of Civil Procedure 11. While neither Halsted nor the Court pursue such remedies at this time, the Court reserves the right to do so in any of Hall's remaining pending cases should he fail to comply with the Court's instructions.

The Clerk of court is directed to send a copy of this memorandum opinion to all counsel of record.

Entered this the 8th of December, 2025.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

9